UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Justin J. Dekker and
Michelle K. Dekker,

      Plaintiffs,

v.

Cenlar FSB,
CitiMortgage, Inc., and
Wells Fargo Bank, N.A.[1],

      Defendants.

Case No. 21-cv-162 (MJD/TNL)

**ORDER**

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiffs' Motion for Leave to File Amended and Supplemental Complaint and to Add Usset, Weingarden & Liebo P.L.L.P. as a Defendant (ECF No. 21). Plaintiffs seek leave to amend their Complaint adding additional facts and claims arising prior to the filing of the Complaint pursuant to Rule 15(a) and subsequent facts and claims arising after the filing of the Complaint pursuant to Rule 15(d).

Once 21 days have passed after service of a responsive pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given "when justice so requires." *Id.* The Court may deny a party's request for leave to amend only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure

---

[1] Wells Fargo Bank was dismissed from this action on March 18, 2021. (ECF No. 17.)

1

deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)).

Further, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "A supplemental pleading . . . is designed to cover matters subsequently occurring but pertaining to the original cause." *United States ex rel. Kinney v. Stoltz*, No. 01-cv-1287 (RHK/JMM), 2002 WL 523869, at *3 (D. Minn. Apr. 5, 2002) (quoting *United States v. Voracheck*, 563 F.2d 884, 886 (8th Cir. 1977), *aff'd*, 327 F.3d 671 (8th Cir. May 5, 2003). "[I]n keeping with the overarching flexibility of Rule 15, courts customarily have treated requests to supplement under Rule 15(d) liberally.  This liberality is reminiscent of the way in which courts have treated requests to amend under Rule 15(a)." *United States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015) (citation omitted); *see also Fair Isaac Corp. v. Experian Info. Sols. Inc.*, No. 06-cv-4112 (ADM/JSM), 2009 WL 10677527, at *14 n.7 (D. Minn. Feb 9, 2009) (collecting cases and finding motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard).

Plaintiffs' request is timely.  (*See* ECF No. 19 at 3 (setting the deadline for filing motions to amend the pleadings as July 1, 2021).)  Defendants do not oppose the motion. *See* D. Minn. LR 7.1(b)(2).  The record is devoid of evidence of undue delay, bad faith, or undue prejudice to Defendants.  The Court will permit Plaintiffs to file their proposed Amended and Supplemental Complaint.

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Leave to File Amended and Supplemental Complaint and to Add Usset, Weingarden & Liebo P.L.L.P. as a Defendant (ECF No. 21) is **GRANTED**.

2. Plaintiffs shall file their Amended and Supplemental Complaint in substantially the same form as ECF No. 21-1 within seven days of the date of this Order.

3. The motion hearing set for July 19, 2021 is **STRICKEN**.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: July  13 , 2021

*s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Dekker et al. v. Cenlar FSB et al.*
Case No. 21-cv-162 (MJD/TNL)