### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

---

Justin J. Dekker and                                    Case No. 21-cv-162 (MJD/TNL)
Michelle K. Dekker,

      Plaintiffs,

v.                                                                **PROTECTIVE ORDER**

Cenlar FSB, CitiMortgage, Inc., and
Usset, Weingarden & Liebo P.L.L.P.,

      Defendants.

---

This matter is before the Court on the parties' Stipulation for Protective Order ("Stipulation") (ECF No. 30). Based on the parties' Stipulation and pursuant to Fed. R. Civ. P. 26(c), **IT IS HEREBY ORDERED** that confidential information be disclosed only in designated ways:

1.    **Definitions.**  As used in this Protective Order:

    (a)    "Action" means this Case No. 21-cv-162 (MJD/TNL), *Justin J. Dekker, et al. v. Cenlar FSB, et al.*

    (b)    "Attorney" means an attorney who has appeared in this Action;

    (c)    "Confidential Document" means a document containing Confidential Information that is designated as confidential under this Protective Order.

    (d)    "Confidential Information" means any information, document or thing, or portion of any document or thing, that contains: (i) trade secrets or research, development, financial, proprietary, marketing, or commercial information that is not accessible

or available to the public; (ii) other confidential, non-public information where disclosure thereof is governed by statute or regulation; (iii) non-public personal information regarding a person who is not a Party to this Action and which, if made available to the public, would reasonably cause damage or harm in any form to that person; and (iv) content or material the producing or disclosing Party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. "Confidential Information" does not include information that: (i) is in the public domain at the time of the disclosure; (ii) becomes part of the public domain through no fault of the receiving Party; and (iii) the receiving Party can show was in its rightful and lawful possession at the time of disclosure, unless the information was confidential when it was received by the receiving Party in the first instance, in which case, the receiving Party shall continue to maintain the information as confidential.

(e)     to "destroy" electronically stored information ("ESI") means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(f)     "Document" means information disclosed or produced in discovery in this Action, including information disclosed during testimony at and recorded in the transcript of a deposition;

(g)     "Notice" or "notify" means written notice, including notice by email;

(h)     "Party" means a party to this Action; and

(i)     "Protected Document" means a Document protected by a privilege or the work-product doctrine.

**2.     Designating a Document or Deposition as Confidential.**

(a)     A Party or non-party disclosing or producing a Document may designate it as confidential if the producing or disclosing Party or non-party in good faith believes that it contains Confidential Information. The failure to designate information as confidential does not waive privacy protections that may otherwise exist under applicable laws, including without limitation Fed. R. Civ. P. 5.2, the Gramm-Leach-Bliley Act, and the tort of invasion of privacy.  Those laws remain in full force and effect with respect to information in this case, regardless of whether such information is designated "Confidential" and thereby subject to the additional protections of this Protective Order.

(b)     A Party or non-party may designate a Document as confidential by conspicuously marking each page with the word "CONFIDENTIAL."

(c)     Portions of deposition testimony may be designated as confidential:

      (1)     on the record at the deposition; or

      (2)     after the deposition, by promptly notifying the Parties and those who were present at the deposition.

No party may designate an entire deposition as confidential, but must instead identify the specific page(s) and line(s) containing confidential information.

(d)     Any deposition testimony which describes a Document that has been designated as "CONFIDENTIAL" shall also be deemed to be designated as "CONFIDENTIAL"

3

even absent explicit designation of the same in the manner set forth in Paragraph 2(c).

(e)   If a witness is expected to testify as to confidential or proprietary information, a Party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive Confidential Documents.

**3.    Who May Receive a Confidential Document.**

(a)   Confidential Documents and Confidential Information shall not be used or disclosed by a Party, its Attorney, or any other persons identified in Paragraph 3(b) for any purpose whatsoever other than preparing for and conducting litigation in this Action (including appeals).

(b)   No person receiving a Confidential Document may reveal it, except to:

    (1)   the Court and its staff;

    (2)   an Attorney or an Attorney's partner, associate, or staff, and an entity Party's in-house counsel and legal staff to the extent necessary for the representation of that Party;

    (3)   a person shown on the face of the Confidential Document to have authored or received it;

    (4)   a court reporter or videographer retained in connection with this action;

    (5)   a Party—including employees of a Party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed (*e.g.*, designated Rule 30(b)(6) deponents)—(subject to paragraph 3(c)); and

    (6)   any person who:

(A)     is retained to assist a Party or Attorney with this Action, including consulting and testifying experts; and

(B)     signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Justin J. Dekker et al. v. Cenlar FSB et al.*, Case No. 21-cv-162 (MJD/TNL), in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

> I declare under penalty of perjury that the foregoing is true and correct.

(7)     any other person agreed upon by all Parties in writing.

(c)     A party may supplement the "CONFIDENTIAL" mark (see paragraph 2(b)) with the words "ATTORNEYS' EYES ONLY," in which case a Confidential Document so designated may be revealed only to an Attorney and may not be revealed to another Party, except that Documents so designated may be revealed to Plaintiffs, provided that Plaintiffs have executed the declaration in 3(b)(6)(B) and that an executed copy of the declaration has been served on counsel for Defendants. Documents and materials designated as "ATTORNEYS' EYES ONLY" shall be Documents that the designating or producing Party or non-party believes in good faith have significant personal or competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury.

(d)     If a Confidential Document is revealed to someone not entitled to receive it, the Party making that disclosure must make reasonable efforts to retrieve it.

4.      **Serving This Protective Order on a Non-Party.**  A Party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order and Local Rule 5.6.

5.      **Correcting an Error in Designation.**  A Party or non-party who discloses or produces a Confidential Document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the Document with the correct designation.

6.      **Use of a Confidential Document in Court.**

(a)     Filing.  This Protective Order does not itself provide sufficient authority for the filing of any Document under seal.  **The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged.  No Document shall be filed under seal unless such Document or information therein is genuinely confidential and/or there are compelling reasons to do so.  Any party seeking to file a Document under seal shall specifically review each Document and the information therein to limit sealing only to the extent necessary.**  To the extent that any Confidential Document is proposed to be filed or is filed with the Court, those Confidential Documents shall be filed in accordance with LR 5.6.  **Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit A attached hereto.  Counsel shall provide the Court with two courtesy copies of the unredacted Documents with the redacted information highlighted in yellow.**

6

(b)     Presentation at a hearing or trial.  A Party intending to present another Party's or a non-party's Confidential Document at a hearing or trial must notify the other Party or the non-party in advance so that the other Party or the non-party has sufficient time to seek relief from the Court under applicable Rules.

7.     **Changing a Confidential Document's Designation.**

(a)     Document disclosed or produced by a Party.  A Confidential Document disclosed or produced by a Party remains confidential unless the Parties agree to change its designation or the Court orders otherwise.

(b)     Document produced by a non-party.  A Confidential Document produced by a non-party remains confidential unless the non-party agrees to change its designation or the Court orders otherwise after providing an opportunity for the non-party to be heard.

(c)     Changing a designation by Court Order.  A Party that cannot obtain agreement to change a designation may move the Court for an order changing the designation. If the motion affects a Document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a Party. The Party or non-party that designated a Document as confidential bears the burden to show that the designation satisfies Fed. R. Civ. P. 26(c).

8.     **Handling a Confidential Document after Termination of Litigation.**

(a)     Within 60 days after the termination of this Action (including any appeals), each Party must:

(1)     return or destroy all Confidential Documents; and

      (2)      notify the disclosing or producing Party that it has returned or destroyed all Confidential Documents within the 60-day period.

(b)      Notwithstanding paragraph 8(a), each Attorney may retain a copy of any Confidential Document submitted to the Court, as well as any correspondence to the Court that quotes or describes a Confidential Document.

**9.**      **Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)      Notice.

      (1)      A Party or non-party who discovers that it has inadvertently disclosed or produced a Protected Document must promptly notify all receiving Parties and describe the basis of the claim of privilege or protection. If the Party or non-party promptly provides such notice and description, the privilege or protection is not waived.

      (2)      A Party who discovers that it may have received an inadvertently disclosed or produced Protected Document must promptly notify the disclosing or producing Party or non-party.

(b)      Handling of Protected Document. A Party that is notified or discovers it may have received a Protected Document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10.**      **Security Precautions and Data Breaches.**

(a)      Each Party must make reasonable efforts to protect the confidentiality of any Confidential Document disclosed or produced to that Party.

(b)      A Party who learns of a breach of confidentiality must promptly notify the disclosing or producing Party of the scope and nature of that breach, and must make reasonable efforts to remedy the breach.

11.   **Survival of Obligations.**  The obligations imposed by this Protective Order survive the termination of this Action.

12.   **Prior Orders.  All prior consistent orders remain in full force and effect.**

13.   **Remedies.  Failure to comply with any provision of this Protective Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

Date: August __6__, 2021                          _____*s/Tony N. Leung*_____
                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota


                                                  *Dekker et al. v. Cenlar FSB et al.*
                                                  Case No. 21-cv-162

**EXHIBIT A**
## SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 26 | Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment | 5, 8, 12-15, 23-25 | X | | | | Confidential financial information. |
| 26 | Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment | 16-20, 26-27 | X | | | | Confidential medical records. |