# EXHIBIT B

# Goolsby Law Office, LLC

475 Cleveland Avenue N, Suite 212
Saint Paul, MN 55104
**(651) 646-0153**
jgoolsby@goolsbylawoffice.com

October 14, 2021

*VIA EMAIL*

Jenna K. Johnson
BALLARD SPAHR LLP
2000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Dear Ms. Johnson:

I write to address several discovery issues.  This is not necessarily a comprehensive list of deficiencies in CMI's discovery responses, but is an attempt to address the most critical issues, in order to move the case forward.

**General Issues:**

Rule 34 mandates, "An objection must state whether any responsive materials are being withheld on the basis of that objection."  Fed. R. Civ. P. 34(b)(2)(C).  Accordingly, for each of Plaintiffs' requests for production, please state whether CMI is withholding any additional documents on the basis of its objections.

CMI has objected to almost every one of Plaintiffs' requests on the basis that the requests seek "confidential, proprietary, trade secret, financial, or commercially sensitive business information."  That objection is now moot because of the Court's August 6, 2021, Protective Order.  Please withdraw all of those objections and confirm that CMI is no longer withholding any responsive material on that basis.

CMI has objected to almost every one of Plaintiffs' requests on the basis that the requests seek information supposedly "protected by the attorney-client privilege and/or the work product doctrine."  That boilerplate objection seems extremely far-fetched for some of Plaintiffs' requests, e.g., the request for CMI's records of its communications with Plaintiffs.  Please withdraw that objection where it does not apply, and for any request for

which you still make the objection, please produce a privilege log as required by Fed. R. Civ. P. 26(b)(5)(A).

CMI has objected to Request Nos. 10, 15, 16, 17, and 23 as supposedly "overly broad." The Advisory Committee Notes to the 2015 Amendment to Rule 34(b)(2)(B) explain, "An objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad." Thus:

> [T]he proper response to an overly broad discovery request is to produce any responsive documents to which the requesting party is clearly entitled, explain the scope of that production, and then state unequivocally that additional responsive documents are being withheld based on the overbreadth objection. For example, if a document request is overbroad because it encompasses ten years and the producing party believes a three-year period is appropriate, the producing party should produce the responsive documents for those three years and state that it is not producing responsive documents for the remaining seven years. In other words, the receipt of an overly broad discovery request is not a free pass that excuses a party from producing information that is indisputably relevant.

*Midkiff v. Navient Solutions, Inc.*, No. 1:20-cv-01962 (S.D. Ind. Aug. 26, 2021). Accordingly, please revise CMI's responses to comply with Rule 34(b)(2)(B) as explained by the Committee Notes and *Midkiff*.

**Issues with Specific Requests:**

**Request for Production No. 1: A life of loan history for the subject account; and Request for Production No. 2:  All collection notes for the subject account.**

CMI appears to have produced some responsive documents through April 29, 2019. However, CMI remained master servicer and continued to have involvement with the account after that.  (*See, e.g.,* CR02686 (CMI signed document on 9/11/19); CR00211 (07/26/2019 Cenlar note stating, "EMAILED CITI TO HAVE POA EXECUTED WE HAVE NO SIGNING AUTHORITY"); CR00060 (07/06/2020 Cenlar note stating, "WAITING ON CITI TO PROVIDE GUIDANCE ON HOW TO SATISFIY THIS REQUEST");  CR00053 (08/12/2020 Cenlar note stating, "STIL ONHOLD ISSUES IS INVESTOR NEEDS A NPV PER THEIR GUID LINES, AND CITI ORGIANTOR NIOT HV THIS TOOL"); CR00043 (09/01/2020 Cenlar note stating "WAITING ON SOME INFORMATION FROM CITI ON HOW TO CALCULATE THE NPV?"); CR00004 (01/19/2021 Cenlar note stating,

"CMIDEFAULTMAILREFERRALS@CITI.COM CLIENT PROV NOTICE OF JUDICIAL ASSIGNMENT GENERAL CIVIL BLOCK CASES DOC)).

Accordingly, please produce responsive documents through the present.

**Request for Production No. 5:  All documents pertaining to any loss mitigation or loss mitigation application for the subject account, including without limitation the applicable investor guidelines for loan modifications and/or forbearance plans, and screen shots for any loan modification or forbearance started on the account.**

The request is relevant in its entirety.  The case is primarily about Plaintiffs' loss mitigation applications, and a central issue is whether Defendants had all the documents and information from the Dekkers that were required for Defendants to determine which loss mitigation options, if any, they would offer to the Dekkers on behalf of Wells Fargo, *see* 12 C.F.R. § 1024.41(c)(4)(ii).  Documents pertaining to the Dekkers' loss mitigation applications and Wells Fargo's guidelines showing what was required are therefore plainly relevant.

Please produce all responsive documents, including without limitation:
- the "program guide," referenced at CMI000325, CMI000428, CMI000538, CMI000592, and CMI000645;
- the "mat checklist," referenced, for example, at CMI000592 and CMI000662; and
- the "dual track sheet," referenced at CMI000395, CMI000413, CMI000421, CMI000432, and CMI000638.

**Request for Production No. 7:  All records of communications with Plaintiffs, including without limitation, all notes or logs created by you or any predecessor servicer reflecting communications with Plaintiffs, all audio recordings and/or transcripts of telephone calls with Plaintiffs, all correspondence to or from Plaintiffs, and all monthly statements for the subject account.**

The request is relevant in its entirety.  The case is primarily about Plaintiffs' loss mitigation applications, and a central issue is whether Defendants had all the documents and information from the Dekkers that were required for Defendants to determine which loss mitigation options, if any, they would offer to the Dekkers on behalf of Wells Fargo, *see* 12 C.F.R. § 1024.41(c)(4)(ii).  The Dekkers contend that they submitted all the documents and information that was requested from them, but CMI apparently disputes that.  CMI's records of its communications with the Dekkers, including recordings of phone calls and the documents CMI received from the Dekkers, are therefore plainly relevant to disputed issues of material fact.  Please produce all responsive documents and recordings.

**Request for Production No. 13:  All documents relating to your relationship with Cenlar FSB, including without limitation all contracts, notices of termination or non-renewal of contracts, invoices, training or instruction materials, documentation of expectations, benchmark/guidelines for servicer performance, performance evaluations or assessments, quality assurance materials, and records of either party's concerns with the relationship or either party's performance there under.**

CMI has objected that supposedly "none of Plaintiffs' claims in this Action relate to CMI and Cenlar's 'relationship' to one another."  That is plainly not so from the face of the pleadings.  The Amended and Supplemental Complaint states, "Cenlar acted as CitiMortgage's agent and under CitiMortgage's actual and apparent authority.  CitiMortgage was negligent in selecting, supervising, and otherwise controlling Cenlar.  That statement will likely have further evidentiary support after a reasonable opportunity for further investigation or discovery." (ASC ¶¶ 109-10; *see also* Ex. W to CMI's Answer to ASC ("[W]e have entered into an agreement with Cenlar FSB … , where CitiMortgage will utilize Cenlar FSB to perform various servicing functions.")  Counts VII through XII allege that CMI is liable for the conduct of its agent, Cenlar.

In *Reygadas v. DNF Assocs.*, LLC, 982 F.3d 1119 (8th Cir. 2020), the Eighth Circuit held,

> Reygadas did not put into evidence the agreement between [the alleged agent] and [the alleged principal], which may explain why she did not move for summary judgment on the question of [the alleged principal's] liability. Without such evidence, [the alleged agent's] acts cannot be imputed to [the alleged principal] to establish direct liability.

*Id.* at 1127.  Documents showing the relationship between CMI and Cenlar are therefore relevant and necessary.  Accordingly, please produce all responsive documents.

In the alternative, please confirm that CMI will stipulate that CMI is directly and vicariously liable for any and all violations committed by Cenlar.

In addition, The Amended and Supplemental Complaint states, "CitiMortgage's failure to provide the necessary documents and information to Cenlar violated CitiMortgage's written agreements with investors, other licensees, or exempt persons. That statement will likely have further evidentiary support after a reasonable opportunity for further investigation or discovery."  (ASC ¶ 127.)  Count VI alleges that CMI failed to perform in conformance with its written agreements with investors, other licensees, or exempt persons.  That would include Cenlar.  This provides an additional basis for CMI to produce responsive documents.

4

**Request for Production No. 14:  All documents relating to your relationship with Wells Fargo Bank, N.A., including without limitation all contracts, notices of termination or non-renewal of contracts, invoices, training or instruction materials, documentation of expectations, benchmark/guidelines for servicer performance, performance evaluations or assessments, quality assurance materials, and records of either party's concerns with the relationship or either party's performance there under.**

CMI has objected that supposedly "none of Plaintiffs' claims in this
Action relate to CMI and Wells Fargo Bank's 'relationship' to one another."  Again, that is plainly not so from the face of the pleadings.  The Amended and Supplemental Complaint states, "CitiMortgage's failure to provide the necessary documents and information to Cenlar violated CitiMortgage's written agreements with investors, other licensees, or exempt persons. That statement will likely have further evidentiary support after a reasonable opportunity for further investigation or discovery."  (ASC ¶ 127.)  Count VI alleges that CMI failed to perform in conformance with its written agreements with investors, other licensees, or exempt persons.  That would include Wells Fargo.

Also, as noted above, a central issue is whether Defendants had all the documents and information from the Dekkers that were required for Defendants to determine which loss mitigation options, if any, they would offer to the Dekkers on behalf of Wells Fargo.  Wells Fargo's guidelines and expectations of CMI are therefore plainly relevant.

Responsive documents are also necessary to show whether CMI "exercise[d] reasonable diligence in obtaining … documents or information" from Wells Fargo.  § 1024.41(c)(4)(i).

Accordingly, please produce all responsive documents.


**Request for Production No. 15:  All documents reflecting your servicing guidelines and/or procedures, including but not limited to guidelines and/or procedures relating to the provision of loan modifications, workouts, and/or forbearance agreements, and guidelines and/or procedures relating to foreclosures.**

The request is relevant in its entirety.  The requested documents are evidence of CMI's routine practice.  Such evidence is relevant to how an organization acted on a particular occasion or occasions.  F.R.E. 406.  Such evidence is also relevant to whether a defendant engaged in a "pattern or practice of noncompliance."  12 U.S.C. § 2605 (f)(1)(B).  Evidence of a defendant's pattern and practice is also relevant to punitive damages.  *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1300-02 (8th Cir. 1998); *Wilson v. CoreLogic SafeRent, LLC*, No. "14-CV-2477 (S.D.N.Y. May 23, 2016) ("Wilson argues

5

that he is entitled to discovery on the procedures because if the evidence shows that SafeRent failed to follow its own policies, or adopted policies that recklessly disregarded the rights of consumers, Wilson could prove that its actions were negligent and willful …. The Court agrees that this information is relevant.")

Accordingly, please produce all responsive documents.

**Request for Production No. 16: All complaints (civil, regulatory, or administrative) against you, and all judgments, final orders, or settlements thereon, that involved allegations of:**
- **Failure to determine or advise a borrower of loss mitigation options;**
- **Foreclosure referral without acting on a loss mitigation application;**
- **Dual tracking;**
- **Failure to provide a compliant notice of an incomplete application and how to make it complete; or**
- **Misleading statements in connection with a borrower's loan modification.**

In lieu of producing the requested documents, please consider producing a list of cases that involved the sorts of allegations listed.

It is firmly established that prior lawsuits are relevant to a defendant's pattern and practice and notice of problems with its procedures. *See, e.g., Beseke v. Equifax*, 0:17-cv-04971-DWF-KMM (D. Minn. 2018) ("[O]ther complaints and other lawsuits filed against [the defendant] by similarly situated individuals may be relevant to the current action because they may inform the Court's decision regarding [punitive damages]. … It is clear that complaints and problems similar to these alleged by Mr. Beseke are potentially relevant under the liberal definition provided by the Rules."); *O'Gara v. Equifax Info. Servs., LLC*, No. 116CV01237TWPMPB, 2018 WL 513535, at *10 (S.D. Ind. Jan. 23, 2018) (ordering Equifax to produce information regarding other complaints and disputes); *Valenzuela v. Equifax Info. Servs. LLC*, No. CV-13-02259-PHX-DLR, 2015 WL 1097315, at *1 (D. Ariz. Mar. 5, 2015) (finding that "[r]egardless of whether complaints filed by other consumers would be admissible at trial, similar complaints might, at the very least, lead to the discovery of admissible evidence related to the willfulness issue" and ordering Equifax to produce any and all FCRA complaints for the past five years); *James v. Encore Capital Group, Inc., et al.*, No. 3:11cv221 (E.D. Va. 2012) (FCRA case compelling production of "a copy of each complaint filed in each lawsuit against the Defendants that alleges a violation of 15 U.S.C. § 1681s-2" for a specified time period); *Edeh v. Midland Credit Mgmt., Inc.*, 748 F.Supp.2d 1030 (D. Minn. 2010) *aff'd*, 413 F. App'x 925 (8th Cir. 2011) ("[I]nformation about whether Midland has previously been sued, sanctioned, or found liable for violating the TCPA is relevant to whether Midland's TCPA violation was knowing or reckless."); *Chang v. Cavalry Portfolio Services, LLC*, 2011 WL 6101952 (E.D.N.Y. 2011); *see also BMW of N. Am. Inc. v. Gore,* 517 U.S. 559, 576-77 (1996)

("[E]vidence that a defendant has repeatedly engaged in prohibited conduct while knowing or suspecting that it was unlawful would provide relevant support for an argument that strong medicine is required to cure the defendant's disrespect for the law."); *Smith v. LexisNexis*, 837 F.3d 604, 611 (6th Cir. 2016) (concluding there was no willfulness based in part on the court's finding that "there was no evidence that other individuals had lodged complaints similar to the plaintiff's."); *Dalton v. CAI*, 257 F.3d 409, 418 (4th Cir. 2001) (noting that whether "other consumers have lodged complaints similar to Dalton's against CAI" is relevant to willfulness under the FCRA); *Donovan v. Wal-Mart Stores, Inc.*, 2012 WL 3025877 (D.S.C. 2012) ("Courts have routinely found that a plaintiff in a civil litigation matter may obtain discovery concerning prior similar incidents, with reasonable limitations, if it is relevant to any matter raised in the litigation."); *United Oil Co., Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404 (D. Md. 2005) (ordering production of similar claims, as they could demonstrate knowledge); *Bates v. Firestone Tire & Rubber Co., Inc.*, 83 F.R.D. 535 (D.S.C. 1979) (finding that interrogatories regarding, *inter alia*, previous lawsuits were "proper and appropriate"); *Jensen v. Astrazeneca LP* Civil No. 02-4844 (JRT/FLN) (D. Minn. 2004) (holding that discovery of information related to prior similar claims against the same defendant is relevant to claims for punitive damages); Advisory Committee Note to the 2000 Amendment to Rule 26(b) (noting that other incidents of the same type can be discoverable).

The fact that information is in the public record is not a proper objection. *Mid-Atlantic Recycling Technologies, Inc. v. City of Vineland*, 222 F.R.D. 81 (D.N.J. 2004); *Petruska v. Johns-Manville*, 83 F.R.D. 32, 35 (E.D. Pa. 1979); *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006); *Polycarpe v. Seterus, Inc.*, No: 6:16-cv-1606-Orl-37TBS (M.D. Fla. May 23, 2017) ("Defendant's other remaining objection to interrogatory number nine is that the information requested is equally available to both parties. The Court is not persuaded that is true. Logic suggests that Defendant has copies of the complaints and amended complaints filed against it, and that the effort and expense for Defendant to produce this information will be less than Plaintiff will incur to search every jurisdiction in which Defendant has done business.")

**Request for Production No. 23: A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.**

Please read the request as limited to documents already in existence and not created specifically for this litigation.

Please otherwise provide responsive documents, including descriptions, glossaries, or keys for:
- all "PF" codes, e.g., at CMI000432 ("File has been moved from PF906 to PF915 as file populates in dual track sheet");

- all Warning Codes and Lock Codes, e.g., at CMI000294;
- all DCC Codes, e.g., at CMI000294; and
- all Status codes, e.g., at CMI000294.

Thank you for your prompt attention to these matters. Please respond by November 1, 2021.

Sincerely,

John H. Goolsby
Attorney for Plaintiffs