UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Justin J. Dekker, and Michelle K. Dekker, | Case No. 21-cv-162 (MJD/TNL) |
| Plaintiffs, | |
| v. | **QUALIFIED PROTECTIVE ORDER** |
| Cenlar FSB, and CitiMortgage, Inc., | |
| Defendants. | |

This matter is before the Court on the Defendants Cenlar FSB and CitiMortgage, Inc.'s Joint Motion for Entry of Qualified Protective Order, ECF No. 107. Defendants request that the Court enter a Qualified Protective Order in this case to allow the parties to obtain and review Plaintiffs' protected health information. ECF No. 107 ¶ 8. Plaintiffs Justin J. Dekker and Michelle K. Dekker do not oppose the motion. ECF No. 108.

Pursuant to Fed. R. Civ. P. 26(c) and 45 C.F.R. § 164.512(e)(1), and there being no objection thereto, **IT IS HEREBY ORDERED** that Defendants' Joint Motion for Entry of Qualified Protective Order, ECF No. 107, is **GRANTED**:

1.  The parties and their attorneys are hereby authorized to receive, subpoena, and transmit "protected health information" pertaining to Plaintiffs Justin J. Dekker and Michelle K. Dekker ("Plaintiffs") to the extent and subject to the conditions outlined herein.

2.  For purpose of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501.

Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Plaintiffs to attorneys representing Plaintiffs and the attorneys representing Defendants in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiffs for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing Plaintiffs' protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiffs' protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiffs' protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health

information received from counsel pursuant to paragraph 4 of this Order, shall return Plaintiffs' protected health information pertaining to Plaintiffs, except that counsel are not required to secure the return or destruction of protected health information submitted to the Court.

7. This order does not control or limit the use of protected health information pertaining to Plaintiffs that comes into the possession of parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8. Nothing in this Order authorizes counsel for Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawsuit process.

9. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiffs' protected health information under seal.

Dated: November __22__, 2022           s/*Tony N. Leung*
                                                               Tony N. Leung
                                                               United States Magistrate Judge
                                                               District of Minnesota

                                                               *Dekker et al. v. Cenlar FSB et al.*
                                                               Case No. 21-cv-162 (MJD/TNL)