## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Justin J. Dekker, and Michelle K. Dekker, | Case No. 21-cv-162 (MJD/TNL) |
| | Case No. 22-cv-2208 (MJD/TNL) |
| Plaintiffs, | |
| v. | **ORDER ON STIPULATION** |
| Cenlar FSB, and CitiMortgage, Inc., | |
| Defendants. | |

---

This matter is before the Court on the parties' Stipulated Motion Regarding Supplemental Complaint, Motion to Dismiss, and Scheduling Order ("Stipulation"), filed at ECF No. 113 in Case No. 21-cv-162 (MJD/TNL) ("Dekker I") and at ECF No. 46 in Case No. 22-cv-2208 (MJD/TNL) ("Dekker II").

The Court has considered the parties' Stipulation and enters the Stipulation as an Order of the Court.

WHEREAS:

1.      The Dekkers commenced Dekker I in the Fourth Judicial District Court of Hennepin County, Minnesota by serving a Summons and Complaint on CMI on December 14, 2020, and Cenlar on December 18, 2020.  On January 22, 2021, Dekker I was removed to this Court, Case No. 27-CV-16886. (Dekker I, ECF No. 1-6.)

2.      Pursuant to the terms of the Court's Third Amended Pretrial Scheduling Order, "[a]ll motions which seek to amend the pleadings . . . must be served on or before

July 1, 2021." [ECF No. 101 at ¶ 4(b)]. The scheduling order is silent as to motions for leave to serve supplemental pleadings under Fed. R. Civ. P. 15(d).

3. Plaintiffs allege that certain facts occurred after July 1, 2021, that give rise to new claims against Defendants.

4. On August 18, 2022, Plaintiffs, through counsel, asked Defendants if Defendants would stipulate to Plaintiffs filing a supplemental complaint for the events since July 1, 2021.

5. At that time, Defendants declined to stipulate to the filing of a supplemental complaint because of their concerns about Plaintiffs' delay in asserting the claims, completing discovery in Dekker I pursuant to the Court's scheduling order and avoiding duplicative and additional discovery on the issues in Dekker I through the filing of Dekker II.

6. On August 19, 2022, Plaintiffs initiated a second lawsuit against Defendants in the Hennepin County District Court to allege facts occurring after July 1, 2021, that they contend give rise to new claims against Defendants ("Dekker II").

7. On September 9, 2022, Defendant Cenlar removed Dekker II to the U.S. District Court for the District of Minnesota. The removed case was assigned case number 0:22-cv-02208-MJD-TNL and was originally assigned to Judge Tunheim.

8. On September 14, 2022, Dekker II was reassigned to Judge Davis and Magistrate Judge Leung as related to Dekker I. [ECF No. 102].

9. Defendants contend that the new facts alleged in Dekker II are interrelated with the facts of this action, and that Plaintiffs were obligated to seek leave to amend to

supplement their complaint in Dekker I to allege these new facts rather than filing a new lawsuit in state court.

10.     Plaintiffs contend that they were under no obligation to seek leave to supplement their complaint in this action and were within their rights to commence Dekker II.

11.     On September 28, 2022, Defendants filed a motion to dismiss Dekker II and a memorandum in support of their motion to dismiss. [Dekker II ECF Nos. 17 & 19-22].

12.     On October 19, 2022, Plaintiffs filed their memorandum in opposition to Defendants' motion to dismiss Dekker II. [Dekker II ECF No. 26].

13.     Defendants' motion to dismiss Dekker II has been set for hearing on December 7, 2022. [Dekker II ECF Nos. 33-34].

14.     The Parties have stipulated that Defendants will not now oppose a motion for leave to file a supplemental complaint in DEKKER I to allege the additional facts and claims pled in Dekker II on the terms set forth in this Stipulation.

15.     The Parties have exchanged substantial written discovery and have completed a total of nine depositions.

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, and for good cause shown, **IT IS HEREBY ORDERED** that:

1.     The deadlines set forth in the Third Amended Scheduling Order, including the December 1, 2022 fact discovery cutoff, in Dekker I shall remain in effect, except for the following:

a. The parties shall complete their responses and objections to all of the outstanding discovery requests by December 16, 2022.

b. The Parties shall supplement their initial disclosures based on the new allegations within 14 days after Defendants file their Answers to Plaintiffs' Second Supplemental Complaint. Any new discovery on the new allegations contained in the Second Supplemental Complaint must be issued no later than 30 days after Defendants file their Answers to the Second Supplemental Complaint and shall not be duplicative of discovery already served and responded to in relation to Dekker I.

c. Defendants may complete the depositions of Mr. and Mrs. Dekker on or before January 20, 2023.

d. The Parties may complete third-party discovery in order to accommodate third-party witnesses by January 20, 2023, provided the third-party discovery was commenced in time to be completed by the December 1, 2022, fact discovery cutoff, or with respect to third-party discovery to the Dekkers' medical providers, commenced within 14 days from the Court's entry of the Qualified Protective Order the parties had requested.

e. Plaintiffs shall be allowed to take Rule 30(b)(6) depositions of the Defendants within 75 days after Defendants file their answers to Plaintiffs' Second Supplemental Complaint so long as the parties are in accord as to the topics for the depositions or as the Court may otherwise authorize after the parties have completed the Rule 30(b)(6) meet-and-confer processes.

Plaintiffs will be permitted to amend their proposed matters for examination to reflect any denials or defenses raised by Defendants in their answers to Plaintiffs' Second Supplemental Complaint. Defendants shall be obligated to each produce representatives to testify at a single Rule 30(b)(6) deposition of each Defendant relating to the allegations of both Dekker I and Dekker II. To the extent the parties are unable to reach an agreement on the topics for the Rule 30(b)(6) depositions, Defendants shall file an appropriate motion or motions seeking either to quash the notices of deposition or for a protective order.

f.  The deadline under Section 4(d) of the Scheduling Order, to file non-dispositive motions, including those which relate to discovery, shall be amended to 90 days after Defendants file their answers to Plaintiffs' Second Supplemental Complaint.

g.  Disclosure of the identity of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and the full disclosures required by Fed. R. Civ. P. 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

    i. Plaintiff

        1. Identification by Plaintiffs 100 days after Defendants file their answers to Plaintiffs' Second Supplemental Complaint.

        2. Report by Plaintiffs 100 days after Defendants file their answers to Plaintiffs' Second Supplemental Complaint.

        3. Rebuttal witness and reports shall be disclosed on or before 130 days after Defendants file their answers to Plaintiffs' Second Supplemental Complaint.

  ii. Defendant

        1. Identification by Defendants 100 days after Defendants file their answers to Plaintiffs' Second Supplemental Complaint.

        2. Report by Defendants 100 days after Defendants file their answers to Plaintiffs' Second Supplemental Complaint.

        3. Rebuttal witness and reports shall be disclosed on or before 130 days after Defendants file their answers to Plaintiffs' Second Supplemental Complaint.

  iii. Expert discovery, including depositions, shall be completed on or before 160 days after Defendants file their answers to Plaintiffs' Second Supplemental Complaint.

  iv. The deadline under Section 4(e) of the Scheduling Order, to file non-dispositive motions and supporting documents which relate to expert discovery, shall be amended to be 160 days after Defendants file their answers to Plaintiffs' Second Supplemental Complaint.

  2.    Nothing in this Order precludes any Party from seeking additional modification of the scheduling order for good cause.


Dated: December   2  , 2022            _s/Tony N. Leung_____
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      District of Minnesota


                                      _Dekker et al. v. Cenlar FSB et al._
                                      Case No. 21-cv-162 (MJD/TNL)
                                        Case No. 22-cv-2208 (MJD/TNL)